# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:

CHARLES E. BOOTH
CINDY S. BOOTH,

    Debtors.

_____

CHRISTOPHER A. DEER
KRISTEN L. DEER,

    Plaintiffs,

v.

CHARLES E. BOOTH
CINDY S. BOOTH,

    Defendants.

Case No. 09-11356-DHW
Chapter 13

Adv. Proc. No. 09-01095-DHW

## MEMORANDUM OPINION

    On July 31, 2008, Christopher A. Deer and Kristen L. Deer filed a complaint against Charles E. Booth and Cindy S. Booth in the Circuit Court of Houston County, Alabama. The complaint, which was removed to this court on November 19, 2009, contains three counts, all of which relate to the Deers' purchase of a house and lot from the Booths. Count one asserts a claim based on fraud and misrepresentation; count two alleges a breach of warranty; count three asserts a claim for breach of the implied warranty of habitability. Though not asserted in the complaint, the parties agreed to a trial on the dischargeability of the asserted claims in the bankruptcy court.

    Trial was held in Dothan, Alabama on December 1, 2010. The plaintiffs were represented by counsel Stephen T. Etheredge and Lexa E. Dowling. Collier H. Espy, Jr. appeared on behalf of the defendants. The complaint was tried on the limited issue of whether the defendants in their dealings with the plaintiffs committed "false pretenses, a false representation, or actual fraud" within the meaning of 11 U.S.C. § 523(a)(2)(a). If so, the claim of the plaintiffs is not dischargeable in this bankruptcy proceeding.

For the following reasons, the court finds that the defendants did not commit fraud within the meaning of § 523(a)(2), and judgment for the defendants should enter on the issue of the dischargeability of the Deers' claim.

## Jurisdiction

This court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring jurisdiction in title 11 matters to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because this adversary proceeding is one to determine the dischargeability of a particular debt, this is a core proceeding under 28 U.S.C. § 157(b)(2)(I), thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Factual Findings

In December 2005, Charles E. and Cindy S. Booth made an oral contract with Triple C Construction, a sole proprietorship owned by a Mr. Jernigan, to build a home on a lot that they owned within the city limits of Ashford, Alabama. That lot was adjacent to the Booths' own home, and it was their hope that they could entice their son to move into the new home once construction was completed. Neither the Booths nor Triple C obtained a building permit from the City of Ashford, as required by law. As a consequence, no inspections were made by the city's building inspection department during the course of the home's construction or thereafter.

By the time Triple C completed construction in the late Spring of 2006, the Booths' son had bought another home. The Booths listed the home and lot for sale through a realtor for a six-month term, but thereafter, they attempted to sell the home themselves.

On May 25, 2007, Christopher A. Deer and Kristen L. Deer entered into a sales contract to purchase the home and lot from the Booths.[1] *See* Pls.' Ex. 1. The closing was held on or about June 22, 2007 at which time the Booths conveyed a warranty deed to the Deers. *See* Pls.' Ex. 2.

---

[1] Kristen L. Deer was Christopher's fiancee at the time of the sales contract. Therefore, the sales contract refers to her as Kristen Lindsey. The Deers were married after the execution of the sales contract but before the closing on June 22, 2007.

2

In the meetings between the Booths and the Deers leading up to the closing, the Booths did not make any express representations to the Deers regarding the quality of the home's construction. Neither did the contract and or deed contain such representations. However, the home was not sold "as is," and there were no warranty exclusions. The Deers did not hire an inspector before purchasing the home, assuming that it had been inspected during construction by the City of Ashford.

Shortly after taking possession, the Deers discovered numerous problems relating to the construction of the home. First, the electrical system was not properly grounded, including both the main service box and many of the individual outlets, as required by the City of Ashford's building code and standards.

Second, many of the home's doors would not completely close, and tiles in the kitchen and bathroom were cracking. Further, cracks appeared in the sheet rock, ceiling, and molding throughout the home. These problems were caused by severe settling of the home as a direct result of an improper foundation. The concrete foundation footers were too thin and were not dug to the depth required by the City of Ashford's building code and standards.

In addition to these problems, the Deers discovered that the plumbing system was improperly constructed leading to sewerage gas odors being discharged into the bathrooms and carport. The home's plumbing system was not constructed in accordance with the City of Ashford's building code and standards.

As a result of these and other construction defects, the home is irreparable. The foundation problem cannot be resolved without complete demolition of the structure. Further, the cost of remedying the electrical and plumbing problems would be very expensive in that these problems would require the structure to be substantially destroyed as well.

Charles Booth did not have a written contract with Mr. Jernigan of Triple C for the construction of the house. Booth testified that he was not personally involved in the construction of the home, that he was not aware that a permit was not obtained, and that he was aware of only minor issues that surfaced during construction, which issues were corrected. He did not notice the material defects discovered by the Deers after they purchased the home. He is a nuclear grade electrician, but he has never built and sold a home before. He relied on Mr. Jernigan to comply with applicable law.

## Legal Conclusions

The plaintiffs contend that their claim against the debtors/defendants is nondischargeable in that it was the product of fraud.[2] They rely on Alabama law for the proposition that a representation is imputed to the seller of a new home that its construction was in accordance with relevant building Codes and Standards. *See Sims v. Lewis*, 374 So. 2d 298, 303 (Ala. 1979) ("Alabama has abolished the doctrine of Caveat emptor in the commercial sale of a new house by its builder-vendor, and now recognizes instead an implied warranty of fitness and habitability.")

In order to prevail on a claim under § 523(a)(2)(A), the creditor must prove, *inter alia*, that the debtor made a false representation with the intent to deceive the creditor. *Field v. Mans*, 516 U.S. 59, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995); *City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277, 281 (11th Cir. 1995). However, the debtors made no express representation regarding the quality of the home's construction. That Alabama law imputes such a representation is not enough to establish fraud under § 523 of the Bankruptcy Code. In order to do so, "[t]he debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without imputation of bad faith or immorality." *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir. 1986)(citing *Neal v. Clark*, 95 U.S. 704, 5 Otto 704, 24 L.Ed. 586 (1877).

The plaintiffs have failed to prove that the debtors/defendants were guilty of positive fraud or fraud in fact. The Booths made no express representations regarding the quality of construction. Nor is there any evidence that they were

---

[2] A debt obtained by fraud is not dischargeable in bankruptcy. The statute provides in relevant part:

> (a) A discharge under section . . . 1328(b) of this title does not discharge an individual debtor from any debt . . .
>   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
>     (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). Under 11 U.S.C. § 1328, a debt nondischargeable under section 523(a)(2) is not subject to discharge in a chapter 13 case.

4

aware of the material defects to the home. Any representation of the quality of construction to be found in this case must be implied in law. Such will not support a judgment under 11 U.S.C. § 523(a)(2)(A).

## Conclusion

For the foregoing reasons the court finds that the plaintiffs' claim against the defendants is dischargeable. A separate judgment will enter accordingly.

Done this the 21st day of December, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Lexa E. Dowling, Plaintiffs' Attorney
   Stephen T. Etheredge, Plaintiffs' Attorney
   Collier H. Espy, Jr., Debtors/Defendants' Attorney

5

Case 09-01095   Doc 16   Filed 12/21/10   Entered 12/21/10 16:26:32   Desc Main
                    Document      Page 5 of 5